## Case No. 15,644.

UNITED STATES v. LUTZ et al.

[2 Blatchf. 383.] [1]

Circuit Court, S. D. New York. July 1, 1852.

CUSTOMS DUTIES—SALE BY COLLECTOR FOR UNPAID DUTIES—GOVERNMENT IMPORTATION.

1. Where property is purchased abroad by the United States, and is shipped to this country, to be delivered to the United States on payment of the purchase money, and is landed under the general permit of a collector and placed in a public store, the legal right of property therein is vested in the United States, subject only to the vendor's lien for the purchase money.

2. Such property, being imported for the United States, is not subject to any import duty, and, therefore, the sale of it by a collector, for the non-payment of such duty, is void.

3. And, if such property be in the actual possession of the United States at the time of such sale, and it be taken from that possession by the purchaser of it on such sale, the United States are entitled to recover its possession by an action of replevin against such purchaser.

This was an action of replevin, to recover an apparatus for a light-house. The apparatus was made by Lepante, of Paris, under an order from the government of the United States, and was shipped to New York, in October, 1849, consigned, by bill of lading, to Major Bache, of the United States corps of engineers. The bill of lading was transferred by him to Lepante's agent in New York, who held the property under it, to be delivered to the government on payment of the purchase price of the apparatus. The apparatus was landed from the ship in which it was imported, under a general permit from the collector, and was deposited in a public store. In March, 1851, it was sold at public auction by the collector of the port of New York, for the non-payment of duties, and was purchased by the defendants [Stephen Lutz and others], as the highest bidders, for the sum of $500, which amount was paid by them and received into the treasury of the United States. They then took possession of the apparatus. At the time of the sale the government had not paid to Lepante or his agent the amount of the purchase money, which was over $10,000. When the facts of the case became known to the public authorities, this action was brought. The jury, on the trial, found a verdict for the plaintiffs, and the defendants now moved for a new trial, on the ground of alleged errors in the charge of the court.

J. Prescott Hall, U. S. Dist. Atty.

Benjamin F. Butler and William Allen Butler, for defendants.

───

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

Before NELSON, Circuit Justice, and BETTS, District Judge.

THE COURT denied the motion for a new trial, and held:

1. That, as the apparatus was in the actual possession of the plaintiffs at the time of the sale, and was taken from their possession by the defendants, they were competent to maintain this action.

2. That the legal right of property in the apparatus was vested in the plaintiffs, subject only to a lien, in favor of the vendor, for the purchase money.

3. That, as the apparatus was the property of the plaintiffs and was imported for their use, it was not subject to an import duty, and that, consequently, the sale of it by the collector, for the non-payment of duties, was without warrant of law and was void.